Charles **ROBERTS**, Plaintiff–Appellee,

v.

**GADSDEN MEMORIAL HOSPITAL,**
Defendant–Appellant,

**Gadsden County, Florida,** Defendant.

No. 86–3826.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1988.

Benjamin B. Culp, Jr., Fisher & Phillips, David Charles Whitlock, Atlanta, Ga., for defendant-appellant.

Danni Vogt, Tallahassee, Fla., Steven L. Seliger, Quincy, Fla., for plaintiff-appellee.

(On Sua Sponte Reconsideration)

(Opinion Jan. 13, 1988, 11 Cir., 835 F.2d 793).

Before HILL and VANCE, Circuit Judges, and SPELLMAN *, District Judge.

---

* Honorable Eugene P. Spellman, U.S. District Judge for the Southern District of Florida, sitting by designation.

**1550**

PER CURIAM:

The court *sua sponte* grants rehearing in this case and alters the majority opinion to the following extent:

1. The second paragraph, which reads

> Upon careful review, we find that the District Court's conclusion that GMH wrongfully discriminated against Roberts in 1981 was supported by substantial evidence. The court's conclusion that the 1978 and 1981 incidents were so sufficiently related as to constitute a continuing violation, however, was clearly erroneous. *See Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1129 (11th Cir.1984). Therefore, Roberts' 1978 claim was time-barred and he was not entitled to damages for injuries occurring prior to 1981. Accordingly, we AFFIRM in part and REVERSE in part.

is withdrawn. In its place, the following is inserted:

> Upon careful review, we find that the District Court's conclusion that GMH wrongfully discriminated against Roberts in 1981 was supported by substantial evidence. The court erred, however, in holding that Roberts' claim based on the 1978 incident was not time-barred. Accordingly, we AFFIRM in part and REVERSE in part.

2. The first paragraph of part II, which reads

> Roberts' claim was essentially that GMH discriminated against him in denying him fair promotion opportunities in 1977, 1978, and 1981, and that these incidents demonstrate the existence of a continuing violation such that the earlier two claims were not time-barred, but rather, were preserved under the scope of the "continuing violation" doctrine. The District court found that racial discrimination was not involved in the 1977 incident. As Roberts did not appeal this finding, we need focus our discussion only upon the 1978 and 1981 incidents and whether these incidents, taken together, constituted a "continuing violation."

is withdrawn. In its place, the following is inserted:

> Roberts' claim was essentially that GMH discriminated against him in denying him fair promotion opportunities in 1977, 1978, and 1981. The District Court found that racial discrimination was not involved in the 1977 incident. As Roberts did not appeal this finding, we need focus our discussion only upon the 1978 and 1981 incidents.

3. The last sentence of part II.B., which reads

> Therefore, unless the 1978 incident and the 1981 incident were so sufficiently related as to constitute a continuing violation, Roberts' claim for relief stemming from the 1978 incident and the period prior to the 1981 incident were time-barred and the District court erred in granting relief for that period.

is withdrawn. In its place, the following is inserted:

> Therefore, unless the 1978 incident constituted a continuing violation, Roberts' claim for relief stemming from the 1978 incident was time-barred and the District Court erred in granting relief on the basis of that claim. *See Burnham v. Amoco Container Co.*, 755 F.2d 893 (11th Cir.1985).

> Here, even if we assume that the 1978 discriminatory act continued into the statutory filing period, we must still conclude that Roberts' claim based on that incident is time-barred. Roberts admitted that he was aware of his rights in 1978. He could have asserted them at that time. To the extent that GMH injured him on a continuing basis as a result of the 1978 incident, it was only because he knowingly failed to exercise his rights. A claim arising out of an injury which is "continuing" only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the 180–day limitation period.

> Accordingly, Roberts' claim arising out of the 1978 incident is barred as untimely. Although we find the circumstances

surrounding the 1978 incident particularly repugnant, it is not for us to neutralize so explicit a Congressional mandate as the 180–day filing requirement. Therefore, the District Court's finding that the 1981 incident constituted a violation of Title VII was not clearly erroneous and is AFFIRMED and its finding that the 1981 and 1978 incidents constituted a "continuing violation" is REVERSED. We remand this case to the District Court with instructions to dismiss the 1978 claim as time-barred, to reduce the damages awarded to the Plaintiff to the extent that they are not recoverable solely as a result of the 1981 violation, and to limit Roberts' award of attorneys' fees solely to those resulting from prosecuting the 1981 claim.

4. Part C is withdrawn in its entirety.

The judgment of the court and the remainder of the opinion are unchanged.