**Gary SHOWERS, Plaintiff,**

v.

**The CITY OF BARTOW, a Municipal corporation, Defendant.**

**No. 96–1863–CIV–T–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 24, 1997.

---

Karen Ivy Meeks, Law Office of Colon & Meeks, Bartow, FL, for Gary Showers.

Lucius M. Dyal, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for City of Bartow, FL.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court upon Defendant City of Bartow's Motion to Dismiss (Dkt. 4) and Plaintiff's response (Dkt. 5).

## I. STANDARD OF REVIEW

A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). In reviewing a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

■ To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)). Additionally, the Court must accept all well pleaded allegations in a plaintiff's complaint as true. *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir.1993).

## II. BACKGROUND

To address the Motion to Dismiss before this Court, an understanding of the factual background is required. The following facts alleged by Plaintiff in his Complaint are taken as true only for the purpose of this motion.

Beginning January, 1978, Plaintiff, Gary Showers, a black male, was employed by the City of Bartow. For the first sixteen years of this employment, Plaintiff received numerous raises and promotions without ever receiving a performance evaluation. On or about January 1, 1994, Plaintiff was denied a promotion to Labor Foreman. In addition, Plaintiff was unable to apply for the position of Maintenance Supervisor, and several other management positions that Defendant filled in early 1994, because the open positions were not first posted as required by a Collective Bargaining Agreement between the City of Bartow and Industrial and Public Employees Union, Local 1010. Plaintiff subsequently questioned his supervisor, Lester Barr, Assistant Director of Parks and Recreation, about the hiring practices of the department. Thereafter, Plaintiff applied for and was denied a promotion to Labor Foreman a second time.

On or about August 5, 1994, Plaintiff received a negative performance evaluation, his first evaluation in sixteen years of employment. Plaintiff questioned Mr. Barr about the evaluation, and was advised that the reason for the negative evaluation was that Mr. Barr had heard rumors that Plaintiff was seeking his job. On or about August 9, 1994, Plaintiff filed union grievances regarding his negative evaluation. On or about August 10, 1994, Plaintiff met with Mr. Barr a second time concerning his negative evaluation. Plaintiff was again advised that Mr. Barr had heard that Plaintiff was seeking his job and that he was "covering his tracks."

On or about August 24, 1994, Plaintiff filed a memo with Joseph J. DeLegge, City Manager, questioning that Plaintiff was the only person in his department to receive an evaluation, and that he had never received an evaluation in sixteen years of employment with the City of Bartow.

On or about September 14, 1994, Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC).

On or about October 6, 1994, Mr. Barr stated to other department employees that he would do what he had to do to get rid of Plaintiff, and subsequently caused a City-owned tool to be placed in a shed at Plaintiff's residence in an attempt to discredit or terminate Plaintiff for stealing the tool. Further, after Mr. Barr was notified of Plaintiff's Complaint with the EEOC, he posted a notice on the bulletin board stating that if one sues his employer, "he better have enough money to go into business for himself."

On or about March 30, 1995, Plaintiff filed a second charge of discrimination with the EEOC, alleging retaliation and harassment. Subsequent to this second complaint, Plain-

tiff alleged that he was subjected to continuing harassment, retaliation and discrimination in the terms and conditions of his employment, including being physically assaulted at work on or about June, 1995.

Plaintiff contends that he was subjected to unlawful discrimination, harassment and retaliation because of his race, in violation of Title VII, § 1981, and § 1983. Plaintiff further contends that as a direct and proximate result of the unlawful conduct, he has been denied employment, denied promotional opportunities, suffered economic losses, including the loss of income and fringe benefits, suffered mental anguish, emotional distress and humiliation.

Finally, Plaintiff states that his charge of race discrimination, harassment and retaliation was timely filed with the EEOC, and that his Complaint was filed within ninety days of receipt of his right-to-sue letter.

III. *DISCUSSION*

Defendant seeks dismissal for lack of jurisdiction over the person (Rule 12(b)(2)), insufficiency of process (Rule 12(b)(4)), insufficiency of service of process (Rule 12(b)(5)), and failure to state a claim upon which relief can be granted (Rule 12(b)(6)), Fed.R.Civ.P.

A. *Lack of Jurisdiction, Insufficient Service of Process, Insufficient Process*

■ Defendant alleges that Plaintiff's Complaint should be dismissed as to individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr because this Court lacks jurisdiction over the action. Defendant claims that Plaintiff failed to serve each person individually with the summons and complaint, thereby constituting an insufficient service of process. Further, Defendant contends that process itself is insufficient because Joseph J. DeLegge, Barbara Lawn, and Lester Barr were not listed as Defendants in the summons, in violation of Rule 4 of the Federal Rules of Civil Procedure, or in the caption, in violation of Rule 10(a) of the Federal Rules of Civil Procedure. Defendant argues that, as a result, this Court is without personal jurisdiction over individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr.

*Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982).

Plaintiff asserts that he is seeking relief against the government body itself, and named the government body rather than individual officials in their official capacities.

This Court finds Plaintiff's argument unpersuasive. In Plaintiff's Complaint, individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr are specifically listed in paragraphs 3, 4, and 5 as Defendants, and designated as "employee and agent of the City of Bartow" under the heading "The Parties." Individuals Lester Barr and Joseph J. DeLegge are additionally referred to as "Defendant" in paragraphs 11 and 12, respectively, of Plaintiff's Complaint.

This Court is not convinced that Plaintiff has met the requirements of Rule 4 and Rule 10(a). Although Plaintiff made reference to undertaking actions necessary to effect personal service on individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr, Plaintiff's actions do not satisfy the requirements of Federal Rule of Civil Procedure 10(a), which states that "[i]n the complaint the title of the action shall include the names of *all the parties* . . ." [emphasis added]. This also will not correct the improper summons served upon the City of Bartow, which did not list individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr as Defendants, in derogation of Federal Rules of Civil Procedure 4.

In addition, Plaintiff named Barbara Lawn as a Defendant in paragraph 4 of his Complaint, but made no further reference to her in the general allegations or otherwise. Plaintiff has completely failed to allege what actions or inactions of Barbara Lawn connect her to this lawsuit.

Accordingly, the Court grants Defendant's request to dismiss Plaintiff's Complaint to the extent that this action is against individuals Joseph J. DeLegge, Barbara Lawn, and Lester Barr, with leave to file an amended complaint within ten days.

B. *Failure to State a Cause of Action under Title VII*

■ There are various types of Title VII claims, including disparate treatment, retalia-

tion, constructive discharge, and disparate impact. A charge of retaliation is one where an employee alleges retaliation for engaging in a protected activity. A disparate treatment charge is one where an employee alleges less favorable treatment because of race, sex, etc. In a disparate treatment case, a plaintiff must prove discriminatory animus. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

Plaintiff's Complaint alleges that he was subjected to intentional discrimination in violation of Title VII, and that Defendant has taken unlawful retaliatory actions against him because of his race, and because he filed a complaint with the EEOC alleging unlawful discrimination and harassment.

To establish a prima facie case under Title VII race discrimination, a plaintiff must allege: (1) he was a member of a protected group, (2) an adverse employment action took place, (3) he and a similarly situated non-protected person received dissimilar treatment, and (4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between race and the disparate treatment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Defendant claims that Plaintiff's Complaint fails to state a cause of action because it fails to allege what acts or practices are followed by Defendant which have the effect of favoring white citizens over black citizens in job promotion and conditions, that Defendant was seeking applications, that Plaintiff was qualified for the position(s), or that white employees were given preference over black employees.

As previously stated, in considering a motion to dismiss, this Court must review the complaint in a light most favorable to the Plaintiff. However, Plaintiff's Complaint does not make the factual allegations necessary to state a cause of action under Title VII. Plaintiff asserts that he is a black male and that he applied for and was denied a promotion to Labor Foreman, but he does not address the other essential elements of a Title VII claim. No factual allegation is provided as to whether Plaintiff and similarly situated non-protected persons received dissimilar treatment, nor did Plaintiff provide sufficient facts to support the inference of a nexus, or causal connection, between race and the disparate treatment. Plaintiff asserts that he received a negative performance evaluation, and that his supervisor told him the negative evaluation was to cover the supervisor's tracks because Plaintiff was seeking his job, yet Plaintiff fails to allege any connection between these actions, and a racially motivated intent. Further, Plaintiff's Complaint does not state whether or not a non-protected person ultimately filled the position he was seeking.

Plaintiff additionally stated that his supervisor told other department employees that he would do what he had to do to get rid of the Plaintiff, and that Barr caused a City-owned tool to be placed in Plaintiff's shed in an attempt to discredit or terminate Plaintiff for stealing. The Complaint, however, does not state whether the Plaintiff was ultimately terminated as a result of the tool incident, or whether Plaintiff is still employed by the City of Bartow. Plaintiff merely states that he was subjected to continuing harassment, retaliation and discrimination in the terms and conditions of his employment. Plaintiff does reference being physically assaulted at work on or about June, 1995, but it is not known who the assault was carried out by, and there is no allegation of racial motivation.

While Plaintiff includes some relevant facts in his Complaint, the Court finds that Plaintiff has not stated sufficient facts for his claim. Therefore, the Court grants Defendant's Motion to Dismiss on the Title VII claim (Count I), with leave to file an amended complaint within ten days.

C. *Failure to Exhaust Administrative Remedies under Title VII*

Defendant contends that Plaintiff fails to allege that he filed an administrative complaint with the Florida Commission on Human Relations, or that Plaintiff had exhausted appropriate administrative procedures before the EEOC acquired jurisdiction over the charge of discrimination. In opposition,

Plaintiff claims that Title VII has no such requirement. This is incorrect. Title VII provides that if the alleged discrimination occurs in a state that has an agency that can provide a remedy against such discrimination, the victim cannot file a charge with the EEOC until sixty days after he begins a proceeding before the state agency, unless the proceeding ends before then. 42 U.S.C. § 2000e–5(c), *Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348, 350 (7th Cir.1985). A state which follows this procedure is called a "deferral state," because the EEOC must defer to the state agency for up to sixty days. *Id.*

Florida is a deferral state; however, the EEOC and the Florida Commission on Human Relations have entered into a worksharing arrangement which means that filing the charge with a single agency constitutes dual filing. *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 880 (M.D.Fla.1996). Plaintiff's charge is not attached to the Complaint. The Court will grant the Motion to Dismiss, with leave to amend within ten days.

**D.** *Failure to State a Cause of Action under § 1981*

■ Defendant contends that Plaintiff's Complaint does not state a cause of action pursuant to 42 U.S.C. § 1981 for discrimination based on race because Plaintiff does not allege that the conduct complained of was engaged in under color of state law or allege any fact-specific causal link between Defendant's conduct and Plaintiff's race. Defendant further contends that Plaintiff does not set forth how white employees were treated in comparison.

Plaintiff opposes Defendant's, motion and asserts in his Memorandum in Opposition that "the government entity itself is the appropriate Defendant in this action because of its customs, policy and/or failure to supervise it[s] official actors," however, Plaintiff makes no factual allegations of discriminatory policies or customs, nor did Plaintiff provide factual support in his Complaint that the City of Bartow failed to properly supervise its official actors.

■ Plaintiff's Complaint does state that he questioned his supervisor about the hiring practices of the department, but provides no allegation as to what custom or policy he found discriminatory. To comply with fair notice, a complaint should at least allege in general terms the acts, customs, practices, or policies of the defendant in a manner sufficient to allow an informed response. *Cummings v. Palm Beach County*, 642 F.Supp. 248, 249 (S.D.Fla.1986). Federal pleading rules are liberal; however, more than conclusory allegations are required. *Id.* Applying this rule to the facts presented in the instant case, Plaintiff's Complaint was vague, conclusory and failed to state sufficient facts upon which a claim could be based.

Most of the conduct complained of in Plaintiff's Complaint arose from the actions of Plaintiff's supervisor, Lester Barr; however, unless Plaintiff alleges that such conduct was engaged in under color of state law, as required by 42 U.S.C. § 1981(c), Plaintiff does not state a claim. Therefore, this Court grants Defendant's Motion to Dismiss on the § 1981 claim (Count II), with leave to amend.

**E.** *Failure to State a Cause of Action under § 1983*

In Count III of the Complaint, Plaintiff asserts that Defendant has intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 1983, by discriminating against him because of his race. Defendant contends that Count III of the Complaint does not state a cause of action pursuant to 42 U.S.C. § 1983 for discrimination based on race because Plaintiff does not allege that the conduct complained of was: (1) engaged in under color of state law; and (2) that such conduct subjected the plaintiff to the deprivation of rights, privileges, and immunities secured by the Federal Constitution and laws, as required by *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *See also Underwood v. City of Fort Myers*, 836 F.Supp. 823 (M.D.Fla.1993).

Further, Defendant alleges that Count III is improper because Plaintiff is suing Defendant based solely on the actions of its employees, which is impermissible under *Monell v. Department of Social Services*, 436 U.S.

658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In response, Plaintiff argues that reliance on Monell is misplaced because "Plaintiff asserts that the government entity itself is the appropriate Defendant in this action because of its customs, policy and/or failure to supervise it[s] official actors."

To state a cause of action under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a federal right, and, that the Defendant acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

As stated above, Plaintiff's Complaint presents some relevant facts to support his allegations, but does not provide sufficient factual grounds for his claims. Therefore, the Court grants Defendant's Motion to Dismiss on the § 1983 claim (Count III), with leave to file an amended complaint within ten days.

### F. *Failure to State a Cause of Action under FS §§ 760.01–760.11*

■ Defendant contends that Plaintiff fails to state the elements of a cause of action of racial discrimination pursuant to § 760.01 *et seq.,* Florida Statutes.

■ In order to establish a prima facie case of employment discrimination, the Plaintiff must show (1) that the plaintiff belongs to a racial minority; (2) that he applied and was qualified for the job for which the employer was seeking applicants; (3) that he was rejected despite his qualifications; and (4) that, after rejection, the position remained open and the employer continued to seek applicants with the plaintiff's qualifications. *School Board of Leon County v. Weaver,* 556 So.2d 443, 444 n. 2 (Fla. 1st Dist.Ct.App. 1990). Plaintiff asserts that he is a black male, and that he applied for and was denied a promotion to Labor Foreman, but Plaintiff does not address the other essential elements of the claim. Accordingly, Defendant's request to dismiss Plaintiff's state law claim is granted, with leave to filed an amended complaint within ten days.

### G. *Failure to Allege Jurisdiction for Plaintiff's State Law Claim*

Defendant contends that Plaintiff did not set forth an affirmative statement of this Court's jurisdiction over the state law claim in violation of Rule 8(a)(1) of the Fed. R.Civ.P. Plaintiff argues that this Court has jurisdiction over the state law claim because it arises from a common nucleus of operative facts as the federal claims. After consideration, the Court denies the Motion to Dismiss as to jurisdiction.

### H. *Failure to Timely File a Charge of Discrimination*

■ Defendant asserts that the Plaintiff's Complaint should be dismissed to the extent that it is based on the failure to promote due to race, because the charge of discrimination was not filed within 180 days of the alleged discriminatory practice. In opposition, Plaintiff states that he was entitled to 300 days after the alleged discriminatory act to file with the EEOC because a fair employment agency has been certified by the EEOC as a deferral agency in the state of Florida. 42 U.S.C. § 2000e–5(c).

Plaintiff correctly states the law under Title VII; however, Plaintiff did not allege that he filed charges with a state deferral agency, and has not attached a copy of the charge filed. If in fact Plaintiff has failed to file with a deferral agency, and his claim based on failure to promote is time-barred, Plaintiff may be able to revive this claim under the doctrine of continuing violation. *Brown v. Walt Disney World Co.,* 805 F.Supp. 1554 (M.D.Fla.1992) (citing *Roberts v. Gadsden Memorial Hosp.,* 835 F.2d 793, 800, modified, 850 F.2d 1549 (11th Cir.1988).) To revive a time-barred claim under this doctrine, the claim must be part of a pattern or continuing practice out of which the timely filed incident arose. *Id.* Further, there must be a violation within the limitation periods. *Id.* (citing *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1310 (7th Cir.1989); *Stewart v. CPC Internat'l Inc.,* 679 F.2d 117, 121 (7th Cir.1982)).

If Plaintiff can establish a substantial nexus between the violation within the limitation period and the older, time-barred act, he may still be permitted to recover damages on

discriminatory acts occurring before the limitations period. *Id.* (citing *Roberts,* 835 F.2d at 800; *Estate of Pitre v. Western Elec. Co., Inc.,* 975 F.2d 700 (10th Cir.1992)). Plaintiff, however, does not properly allege that he filed with a state deferral agency, and, therefore, his claim is dismissed on those grounds without having to analyze whether his claim was timely filed. Accordingly, Defendant's request to dismiss Plaintiff's Complaint is granted, with leave to filed an amended complaint. Accordingly, it is

**ORDERED** that the Defendant City of Bartow's, Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Plaintiff **shall have** ten days to amend the Complaint to correct deficiencies previously set forth in the order.