Patrick S. MASON, Plaintiff,

v.

K MART CORPORATION, a Michigan
Corporation, Defendant.

No. 97–1295–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 30, 1998.

Christopher M. Shulman, Christopher M. Shulman, P.A., Tampa, FL, for Plaintiff.

Daniel H. Kunkel, Kevin J. Hubbart, Kunkel, Miller & Hament, Sarasota, FL, Kevin J. Hubbart, Bill Shaffer & Associates, Ft. Myers, FL, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss (Dkt.5), and Plaintiff's response (Dkt.10).

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. In deciding a 12(b)(6) motion, the court must determine whether the plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 98 (1974).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that support the claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### FACTS

Plaintiff's Complaint alleges the following claims: 1) Count I under Title VII, Sex Discrimination; 2) Count II under Title VII, Retaliation; and 3) Count III, Common Law Tort of Battery.

For the purposes of considering this Motion to Dismiss, the following facts and allegations from Plaintiff's Complaint (Dkt.1) are presumed true:

In 1993, Mason was a Loss Control Manager for Defendant. Early in 1993, Sherry Ray ("Ray") became Mason's direct supervisor as K Mart's District Loss Control Manager. Beginning on or about July 1993, Mason alleges Ray began harassing him. The alleged harassment included Ray repeatedly grabbing Mason's legs, thighs, buttocks, reaching for his crotch, and repeatedly requesting Mason to engage in oral and vaginal intercourse with her. This alleged harassment occurred while both were at work.

Mason rebuffed Ray's advances, at which time Ray attempted to have Mason fired. In November 1994, to avoid Ray as his direct supervisor, Mason took a demotion to the position of Loss Control Associate.

In early 1995, after K Mart closed the store in which Mason and Ray worked, Mason alleges Ray attempted to prevent Mason's transfer to another store by giving false performance and reliability references. Mason eventually transferred, but while at the new store, Ray continued to try and get Mason fired by "trumping up" false charges. Mason's new manager, Dennis Ganey, did not believe Ray, however, and Mason was not fired.

When Dennis Ganey left K Mart, Mason alleges Ray resumed her attempts to get Mason fired or make him quit. Some time later, Mason was identified as a witness to other sexual advances Ray made towards another employee. After being identified as a witness, Mason alleges Ray had Mason's new manager cut Mason's hours to 10–12 hours per week.

On or about April 28, 1995, Mason tendered his two-week resignation based upon the alleged sexual harassment and retaliation. On or about April 4, 1996, Mason filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). On or about March 3, 1997, Mason received a Notice of Right to Sue from the EEOC.

### DISCUSSION

#### I. Count I, Title VII Sex Discrimination

Plaintiff has alleged a violation of Title VII: Sex Based Discrimination under 42 U.S.C.A. § 2000e–2. Both parties agree with respect to this sex based discrimination charge that Title VII extends the 180 day period to file with the EEOC to 300 days. This is so because the Florida Commission

on Human Relations ("FCHR") is a designated "FEP" Agency. 42 U.S.C.A. § 2000e–5(e)(1); 29 C.F.R. § 1601.74(a) (1995).

Defendant asserts that Plaintiff is time-barred from complaining of any acts of harassment occurring before June 9, 1995. June 9, 1995 represents 300 days before Plaintiff filed his April 5, 1996 Charge with the EEOC. In Defendant's Motion to Dismiss and accompanying Memorandum of Law (Dkts.5, 6), Defendant asserts Plaintiff does not allege any harassment after June 9, 1995. Defendant maintains Plaintiff failed to exhaust his administrative remedies because he did not file a timely charge with the EEOC for the alleged harassment that occurred more than 300 days (June 9, 1995) before filing his Charge. Defendant also asserts that Plaintiff may not assert a continuing violation to toll this time limit. (Dkt. 6 at 5.)

In Plaintiff's Memorandum in Opposition to Defendant's Motion (Dkt.10), Plaintiff concedes that he does not seek recovery for sexual harassment that occurred before June 9, 1995. (Dkt. 10 at 4). Therefore, alleged sexual harassment occurring prior to June 9, 1995 is time-barred by stipulation. This is consistent with the Eleventh Circuit's implicit finding that conduct prior to the 300 day period is not actionable. *Griffin v. Air Prod. & Chem., Inc.*, 883 F.2d 940, 940 (11th Cir. 1989). This stipulation also renders moot Defendant's contentions concerning the tolling of the time limit. The remaining question is whether Count I in Plaintiff's Complaint alleged sexual harassment during the actionable 300 day period from June 9, 1995 to April 5, 1996.

■ One type of sexual harassment occurs when "submission to or rejection of such [sexual] conduct by an individual is used as the basis for employment decisions affecting such individual." 29 C.F.R. § 1604.11(a). The Eleventh Circuit has recognized sexual harassment when an employer changes an employee's job conditions after an employee has refused to submit to sexual demands. *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir.1989) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). Here, Plaintiff's Complaint, in paragraph eleven,

and others incorporated by reference, alleges that when Mason refused Ray's sexual advances, Mason's job conditions changed, which included his hours being cut (Dkt.1, ¶ 11). The Complaint also states that the harassment "continued" until Mason resigned (Dkt.1, ¶ 13.) Other courts have found that a complaint alleging Title VII sexual harassment was sufficient even though it did not specify what conduct took place. *Bertoncini v. Schrimpf*, 712 F.Supp. 1336 (N.D.Ill.1989). Here, when the Complaint's facts and allegations are viewed in the light most favorable to the Plaintiff, the Court finds that discriminatory acts could have occurred within the 300 day look-back period and are therefore sufficient to allege Title VII sex discrimination in the form of sexual harassment. The Court denies Defendant's Motion to Dismiss Count I.

## II. Motion to Dismiss Count II, Title VII Retaliation

Plaintiff has alleged a violation of Title VII: Sex Based Discrimination Retaliation under 42 U.S.C.A. § 2000e–3. Defendant offers several reasons for dismissing Count II for failure to state a claim. The Court will address Defendant's arguments in turn.

### A. *Retaliation Allegations Before the EEOC Charge.*

■ Defendant asserts that the 180 day period to file a charge with the EEOC was not extended to 300 days in Count II because the FCHR does not have subject matter jurisdiction over stand-alone Title VII sex discrimination retaliation charges. (Dkt.6, 7–9.) Defendant's argument for this assertion is as follows: First, a jurisdiction with a FEP agency that does not have subject matter jurisdiction over a type of charge is equivalent to a jurisdiction having no FEP agency (Dkt. 6 at 7 (citing 29 C.F.R. § 1601.13(a)(2))). In this instance, charges are timely filed if received within 180 days.

Defendant then asserts that the Florida Civil Rights Act of 1992 ("FCRA")does not grant the FCHR subject matter jurisdiction over Title VII retaliation claims. Instead, the FCRA only prohibits retaliation against

an employee "because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this section.*" (Dkt. 6 at 8 (quoting Fla. Stat. § 760.10(7))).

Finally, Defendant asserts that since Plaintiff has made no such allegations under the FCRA, Plaintiff's stand-alone Title VII retaliation claim is not within FCHR's jurisdiction. Defendant offers no case law to support this specific exception to the FCHR's subject matter jurisdiction. Nevertheless, Defendant concludes that the FCHR does not have jurisdiction over Title VII retaliation claims and thus the 180 day time period applies. The Court disagrees.

The FCHR has the power to "act upon complaints alleging any discriminatory practice[ ] as defined by the Civil Rights Act of 1992." Fla. Stat § 760.06(5). The FCRA also mandates that it shall be construed "liberally" and according to the "fair import of its terms." *Id.* § 760.01(3). Examining the FCRA in this light, the Court notes that Defendant's Memorandum of Law omits language in the retaliation provision that would grant the FCHR jurisdiction when an employer discriminates "against any person because that person has opposed any practice which is an unlawful employment practice under this section." *Id.* § 760.10(7). Sex discrimination is an unlawful employment practice under § 760.10. *Id.* § 760.10(1)(a). Plaintiff has alleged that he was discriminated against because he opposed Ray's sexual harassment (Dkt.1, ¶ 21). Therefore, when the Court construes the FCRA liberally, the Court concludes that Plaintiff has alleged conduct that is prohibited by the FCRA and thus within FCHR's jurisdiction. Since this Court finds that Title VII retaliation is within the FCHR's jurisdiction, the 180 day time period is extended to 300 days under 42 U.S.C.A. § 2000e–5.

In addition, there is nothing in the federal regulations that indicates any exceptions to the FCHR's jurisdiction. The federal regulations provide that "an agency that does not come within the definition of a FEP agency for purposes of a particular basis of discrimination . . . will be deemed a Notice Agency." 29 C.F.R. § 1601.71. The EEOC goes to great lengths to designate any FEP agency that falls into this "Notice Agency" category by footnoting the forms of discrimination not covered by that agency. For example, the "St. Petersburg (FL) Human Relations Division" was at one time designated a FEP Agency except for "retaliation charges," for which it was deemed a "Notice Agency." *Id.* § 1601.74 n. 11. When examining the FCHR, however, the Court finds that the federal regulations have not noted any exceptions to the types of charges covered by the FCHR. *Id.* § 1601.74.

█ Further, Plaintiff points out that even though Plaintiff has not alleged he made a formal charge with the FCHR, it is well known that Florida is a "deferral state." *Showers v. City of Bartow*, 978 F.Supp. 1464, 1468–69 (M.D.Fla.1997). Under the so called "work-sharing agreement" between the EEOC and the FCHR, a filing with a single agency constitutes dual filing. *Id.* (citing *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 880 (M.D.Fla.1996)); 29 C.F.R. § 1601.13(a)(4)(I)(B). Since dual filing occurred, Plaintiff's Title VII retaliation Charge with the EEOC, (Dkt.1, Ex. A), was also filed with the FCHR, giving them subject matter jurisdiction over the claim. This finding is supported by the proposition that "[t]he EEOC's referral of a charge initially filed with the EEOC to the appropriate state of local agency properly institutes the agency's proceedings within the meaning of Title VII." *McKelvy v. Metal Container Corp.*, 854 F.2d 448, 451 n. 6 (11th Cir.1988) (quoting *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988)).

For these reasons, the Court finds that the FCHR is a designated FEP agency with subject matter jurisdiction over Title VII retaliation claims. As such, Plaintiff's time to file was extended from 180 to 300 days pursuant to 42 U.S.C.A. § 2000e–5.

When viewing the facts in the light most favorable to the Plaintiff, the Complaint alleges sufficient facts that would permit a trier of fact to find that Plaintiff was retaliated against within the definition of § 2000e–3 during the 300 day period before Plaintiff's Charge with the EEOC. Defendant's Motion

to Dismiss Count II pre-Charge allegations on timeliness grounds is therefore denied.

### B. *Retaliation Allegations After the EEOC Charge.*

■ Defendant asserts that Plaintiff failed to exhaust his pre-suit administrative requirements with respect to retaliation allegations that occurred after Plaintiff filed his Charge with the EEOC. Defendant asserts Plaintiff is not entitled to a waiver of these requirements because his post-Charge retaliation allegations are not like or reasonably related to a timely filed charge with the EEOC. Plaintiff asserts that the alleged post-Charge conduct does satisfy the requirements for waiver.

This Court has held that judicial relief from subsequent claims not included in an original charge to the EEOC may be actionable if: 1) the incidents are "like or reasonable related to the allegations in the charge"; and 2) whether the subsequent acts "could reasonably be expected to grow out of the investigation of the pending EEOC charges." *Browning v. AT & T Paradyne Corp.*, 838 F.Supp. 1568, 1571 (M.D.Fla.1993); *see also Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 589 n. 8 (11th Cir.1994).

Here, Plaintiff's Charge(Dkt.1, Ex. A) alleges "continuing" retaliation because he refused to submit to Ray's sexual advances, and because he was identified as a witness in another employee's sexual harassment case. The Charge also alleges that Plaintiff's hours were reduced, Plaintiff was transferred to night work, and Plaintiff received undeserved poor references. *Id.* Since Plaintiff has alleged a continuing violation, any subsequent post-Charge reduction of hours is like or reasonably related to the allegations contained in his EEOC Charge and could reasonable be expected to grow out of the pending EEOC investigation. Similarly, Plaintiff's allegation that he was forced to resign is also reasonably related to the retaliation allegations in the Charge, and could reasonable be expected to grow out of the pending EEOC investigation. This is particularly true because Plaintiff viewed the discrimination and retaliation as a means to get him fired or "make him quit." (Dkt.1, ¶ 11).

Therefore, when viewing the facts in the light most favorable to Plaintiff, this Court finds that Plaintiff has satisfied the necessary criteria in order to obtain judicial waiver and has alleged conduct sufficient to deny Defendant's Motion to Dismiss Count II's post-Charge allegations.

### III. Motion to Dismiss Count III, Battery

Plaintiff has alleged a state law battery claim and invoked the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendant sought to dismiss this claim if Counts I and II were dismissed.

Since the Court has denied Defendant's Motion to Dismiss Counts I and II, the Court's supplemental jurisdiction over the battery claim remains intact. Defendant's Motion to Dismiss Count III is therefore denied. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt.5) is **denied**, and the Court **grants** Defendant ten (10) days from the date of this Order to answer the complaint.