[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10016
Non-Argument Calendar

_____

D. C. Docket No. 06-80754-CV-DMM

JOSEPH HAWKINS,

Plaintiff-Appellant,

versus

HAMLET, LTD.,
TOM HINNERS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 22, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On August 1, 1999, Joseph Hawkins rented an apartment from Hamlet, Inc. in the Boynton Bay Apartment complex. The lease, which was for one year, was renewed annually for four years. Hamlet informed Hawkins prior to August 1, 2003, that his lease would not be renewed. He claims in this civil rights case, which he is prosecuting pro se, that Hamlet's decision not to renew was based on discrimination under the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), the Housing and Urban Development law ("HUD"), and state contract and tort law.

The district court dismissed Hawkins's case because his complaint failed to state a claim for relief within the court's federal question jurisdiction and the court lacked an independent basis for exercising jurisdiction over his state law claims. He now appeals the dismissal.

## I.

Hawkins argues that he properly pleaded that Hamlet was a covered entity under the ADA by alleging that Hamlet was a state government housing program, i.e., a program provided by a public entity for purposes of liability under the ADA, and, alternatively, that Hamlet, as a limited liability company, ran a state governmental program and thus became a state government instrumentality.

Title II of the ADA provides that "[n]o qualified individual with a disability

2

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A public entity is a state or local government or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131; see also Schiavo ex. rel. Schindler v. Schiavo, 403 F.3d 1289, 1293 n.2 (11th Cir. 2005) (noting that the "Supreme Court has repeatedly held . . . that federal money does not transform private persons or entities into state actors"). Since Hawkins was unable adequately to allege that Hamlet is a public entity subject to Title II of the ADA, the district court was required to dismiss his ADA claim. See 42 U.S.C. § 12132.

## II.

The district court dismissed Hawkins's FHA claim as time-barred. Under 42 U.S.C. § 3613, which governs FHA actions, an individual may sue "not later than two years after the occurrence or the termination of an alleged discriminatory housing practice." Hawkins concedes that his FHA claim that arose in 2003 is time-barred, but that the continuing violations doctrine is applicable and renders amenable to suit Hamlet's continued refusal – during the two years before he filed this suit – to rent him an apartment.

3

The continuing violation doctrine is based on "the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1222 (11th Cir. 2001) (quotation omitted). In Roberts v. Gadsden Mem. Hosp., 850 F.2d 1549 (11th Cir. 1988), a Title VII discrimination case, we observed that "[a] claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the 180-day limitation period." Roberts, 850 F.2d at 1550 (determining that even if a 1978 discriminatory act continued into the available filing period, the claim based on that incident was time barred because the plaintiff admitted that he was aware of his rights in 1978; noting that if the plaintiff's former employer injured him on a continuing basis as a result of what happened in 1978, it was because the plaintiff did not assert his rights).

In this case, the district court did not err in refusing to apply the continuing violation doctrine and concluding that Hawkins's FHA claim was time-barred.

III.

Hawkins maintains that, contrary to the district court's view, his HUD allegations were not vague and conclusory because he provided pages from a HUD

4

lease addendum and "pleaded the operative sentences in the HUD lease addendum." He also pled facts about Hamlet's actions that constituted violations of the HUD lease addendum.

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). We agree with the district court that Hawkins failed clearly to allege the actionable HUD violations that Hamlet purportedly committed.

## IV.

Hawkins contends that the district court should have entertained his state law claims. The court was required to dismiss the claims because federal question jurisdiction was lacking and the court had no other basis for assuming jurisdiction over those claims.

We have carefully considered all of Hawkins's arguments. None have merit.

AFFIRMED.

5