Barbara H. ASHLEY, Plaintiff–
Appellant,

v.

BOYLE'S FAMOUS CORNED BEEF
COMPANY, Defendant–Appellee,

Robert Boyle; David Nelson, Defendants.

No. 94–2174.

United States Court of Appeals,
Eighth Circuit.

Submitted May 23, 1995.

Decided Sept. 19, 1995.

Arthur A. Benson, II, argued, Kansas City, MO, (Dianne E. Moritz, on the brief), for appellant.

Brian J. Finucane, argued, Kansas City, MO (Stephany J. Newport, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges, en banc.

LOKEN, Circuit Judge.

Barbara Ashley began working for Boyle's Famous Corned Beef Company in 1985. When she was laid off in 1992, Ashley filed a charge with the Equal Employment Opportunity Commission and then sued Boyle's under Title VII, the Age Discrimination in Employment Act, the Equal Pay Act, and the Missouri Human Rights Act, alleging systematic gender and age discrimination in job assignment, pay, seniority, and employee benefits. The district court concluded that all of Ashley's claims stem from her initial assignment to a non-union position. It dismissed all her claims as barred by the doctrine of laches and ruled that some are also time-barred by the applicable statutes of limitations. A divided panel of this court affirmed, concluding that laches may bar a Title VII claim for unreasonable delay in filing the administrative charge, even though the charge was timely filed under the statute of limitations, just as laches may bar a claim for unreasonable delay between the filing of an administrative charge and the Title VII lawsuit. *Ashley v. Boyle's Famous Corned Beef Co.*, 48 F.3d 1051 (8th Cir.1995).

Ashley then petitioned for rehearing, suggesting en banc consideration of the laches issue. She was supported by amicus briefs from the EEOC and the Lawyers' Committee for Civil Rights under Law. We granted rehearing en banc. Concluding that most of Ashley's claims are not barred by the applicable statute of limitations or by laches, we reverse and remand.

**I.  Factual and Procedural Background.**

Because we are reviewing the district court's grant of summary judgment, we will summarize the facts in the light most favorable to Ashley, the non-moving party.

In June 1985, Boyle's hired Ashley and other women on a part-time basis to prepare specialty products. Boyle's located this new operation on the second floor of its Kansas City corned beef plant, above the meat processing facility on the first floor. In 1986, Ashley and two other women began working full time in the second floor specialty products operation. However, Boyle's excluded this work from the collective bargaining agreement between Boyle's and the union representing first floor workers. Therefore, Boyle's unilaterally determined the second floor workers' rates of pay, seniority rights, and employee benefits.

The two groups of production employees were segregated by gender. All first floor production workers were male, were members of the union, and were covered by the collective bargaining agreement. All second floor workers were female; they were not union members and were not covered by the collective bargaining agreement. However, Boyle's daily work assignments blurred the sharp physical division between the specialty products operation and the rest of the plant. As product demands fluctuated, male union members would be sent to help the women on the second floor, and occasionally women were sent to help meet a peak demand on the first floor. But regardless of what work they performed, the male union members were paid at significantly higher rates under the collective bargaining agreement than the rates paid female employees on the second floor. Moreover, the women were usually laid off first and recalled last during periods of reduced demand.

Ashley and the other women periodically complained to Boyle's about the differences in pay and seniority rights. They asked to join the union to gain collective bargaining agreement benefits. In 1988 the union members voted to include the second floor workers in the collective bargaining unit, but Boyle's refused to agree and the union did not submit the issue to the National Labor Relations Board or to arbitration under the collective bargaining agreement. In response to the women's periodic complaints, Boyle's promised to equalize their wages and benefits, but nothing changed.

In June 1992, Boyle's laid off Ashley, the other two full-time second floor females, and four first floor males. All of the males were soon recalled, and the company hired new first floor male employees in late 1992 without recalling the three women. Ashley filed a charge with the EEOC in November 1992 and received a timely right-to-sue letter. In March 1993, Boyle's offered her a first floor

production job and she accepted, becoming the first female hired into a union position. The next day, she filed this lawsuit.

Ashley has abandoned her initial age discrimination claim. The case now involves her claims of gender discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. §§ 206 *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. §§ 213.101 *et seq.* She seeks legal and equitable remedies including compensatory and punitive damages, back pay, and injunctive relief. Although Ashley's complaint did not specify the precise conduct complained of, a pretrial pleading entitled "Designation of Discriminatory Incidents" clarified that she is challenging (i) her initial assignment to a non-union job and Boyle's alleged refusal to let her join the union; (ii) Boyle's on-going failure to pay her wages equal to those of the first floor male employees; and (iii) her alleged discriminatory lay-off in June 1992 and Boyle's subsequent failure to recall or rehire her.

The district court initially denied Boyle's post-discovery motion for summary judgment on statute of limitations and laches grounds, concluding that only Ashley's claim "involving employee coverage under a union contract" is barred. Boyle's moved for reconsideration, arguing that all claims should be time-barred because they derive from Ashley's initial assignment to a full-time non-union job. On the first day of trial, the district court agreed and dismissed all claims as barred by laches or the applicable statutes of limitations. In applying laches, the court concluded that Boyle's would have resolved the dispute years ago if Ashley had promptly filed an EEOC charge, and that the resulting delay had prejudiced Boyle's because two key witnesses recently died. It rejected Ashley's contention that delay was justified by the company's promises of reform and her fear of job retaliation. On appeal, Ashley contends that her claims were timely filed under the relevant statutes of limitations,

that the laches defense is unavailable to bar claims governed by a statute of limitations, and that in any event she was not guilty of laches. We do not reach this last issue.

## II. Statute of Limitations Issues.

Before turning to the central issue of laches, we must address the district court's partial alternative ground—that Ashley's Title VII and MHRA claims are barred for failure to file a timely charge with the appropriate administrative agency.[1] In Missouri, Title VII requires that a plaintiff file an administrative charge within 300 days of the alleged discriminatory act, and the MHRA requires filing within 180 days. *See* 42 U.S.C. § 2000e–5(e)(1); Mo.Rev.Stat. § 213.075.1. This issue requires careful attention to the specific nature of Ashley's Title VII claims.[2]

■ A. The district court correctly held that Ashley's claims based on her initial assignment to a non-union position and her alleged exclusion from the union are time-barred. These events occurred in 1985 and 1986. "[T]he initial job assignment, like a hiring decision, in no respect constitutes a continuing violation." *Heymann v. Tetra Plastics Corp.,* 640 F.2d 115, 120 (8th Cir. 1981); *see Chaffin v. Rheem Mfg. Co.,* 904 F.2d 1269, 1271–72 (8th Cir.1990). And that is true even if some of the effects of that initial assignment do not occur until later. *See Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). Moreover, we agree with the district court that any claim regarding union membership or the collective bargaining agreement should have been submitted to an arbitrator or to the NLRB. *See Construction Drivers Local 682 v. Bussen Quarries, Inc.,* 849 F.2d 1123, 1125 (8th Cir.1988). These claims are therefore out of the case.

■ B. On the other hand, the district court erred in dismissing as time-barred Ashley's claim that gender discrimination tainted her rate of pay. When an employer

---

1. The district court dismissed the Equal Pay Act claim as barred only by laches, not by the applicable statute of limitations.

2. The parties have assumed without citation to authority that the Missouri courts construe the

MHRA as incorporating Title VII statute of limitations and laches principles. We adopt that assumption but do not foreclose the issue on remand.

is accused of an ongoing practice that began prior to the statute of limitations period, the claim may nonetheless be timely under the "continuing violation" doctrine. *See Hukkanen v. International Union of Operating Eng'rs Local 101,* 3 F.3d 281, 285 (8th Cir. 1993). The employee may challenge ongoing discriminatory acts even if similar illegal acts could have been challenged earlier and are thus time-barred. "[T]he critical question is whether a present *violation* exists." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis in original).

Applying this test, it is well-settled that "[e]ach week's paycheck that delivers less to a [woman] than to a similarly situated [man] is a wrong actionable under Title VII." *Bazemore v. Friday,* 478 U.S. 385, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986). Thus, Ashley's Title VII pay claim is timely because she received allegedly discriminatory paychecks within 300 days prior to the filing of her administrative charge. *See Satz v. ITT Fin. Corp.,* 619 F.2d 738 (8th Cir.1980). Relief back to the beginning of the limitations period strikes a reasonable balance between permitting redress of an ongoing wrong and imposing liability for conduct long past. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.,* 392 U.S. 481, 502 & n. 15, 88 S.Ct. 2224, 2236 & n. 15, 20 L.Ed.2d 1231 (1968).

Ashley's Equal Pay Act claim is timely for the same reason. Therefore, if Ashley proves that Boyle's violated the Equal Pay Act, she may recover for unequal paychecks received within two years of commencing the action, or within three years if the violations were willful. *See* 29 U.S.C. §§ 206(d)(1), 255(a); *Gandy v. Sullivan County,* 24 F.3d 861, 865 (6th Cir.1994).

C. Ashley's claims relating to her lay-off in June 1992 and Boyle's subsequent failure to recall or rehire her are also not time-barred. Boyle's argues that her administrative charge was untimely because the challenged employment actions flowed from Boyle's initial decision to assign Ashley to a non-union job. We disagree. With the union's acquiescence, Boyle's treated the second floor as a separate operation to which the collective bargaining agreement did not apply. In this manner, Boyle's reserved to itself the unilateral right to lay off, recall, and rehire second floor employees. Ashley claims that Boyle's made decisions between June and November 1992 that were the product of gender discrimination. Those claims are obviously not time-barred. Boyle's attempt to blame its unilateral decisions regarding Ashley on a collective bargaining agreement that covered other employees is without merit.

### III. Laches.

The district court applied the equitable doctrine of laches to bar all of Ashley's claims because she unreasonably delayed in filing her charge with the EEOC. The initial question is whether laches may bar a plaintiff for unreasonable delay when the EEOC charge was filed within Title VII's 300–day statute of limitations, and the subsequent lawsuit was filed within the Equal Pay Act's statute of limitations. Acknowledging that no court has ever barred a Title VII or Equal Pay Act claim on this ground, Boyle's argues that laches should apply to pre-charge delay, just as it has frequently barred claimants guilty of post-charge delay in filing a Title VII lawsuit. *See Hukkanen,* 3 F.3d at 286; *Whitfield v. Anheuser–Busch, Inc.,* 820 F.2d 243, 245 (8th Cir.1987).

Justice Cardozo succinctly stated the traditional rule: "Laches within the term of the statute of limitations is no defense at law." *United States v. Mack,* 295 U.S. 480, 489, 55 S.Ct. 813, 818, 79 L.Ed. 1559 (1935). The Supreme Court has not definitively revisited this subject since the merger of law and equity in modern federal practice. But it quoted this passage in *McAllister v. Magnolia Petroleum Co.,* 357 U.S. 221, 226 n. 7, 78 S.Ct. 1201, 1205 n. 7, 2 L.Ed.2d 1272 (1958), and expressed support for the general principle in *Oneida County v. Oneida Indian Nation,* 470 U.S. 226, 244 n. 16, 105 S.Ct. 1245, 1256 n. 16, 84 L.Ed.2d 169 (1985) ("application of the equitable defense of laches in an action at law would be novel indeed").

We noted the general principle in *Sandobal v. Armour & Co.,* 429 F.2d 249, 256 (8th Cir.1970) (laches "is rarely, if ever, invoked

as a bar to an action at law seeking damages for breach of contract"), and our sister circuits have repeatedly stated that laches is unavailable to bar claims for legal relief governed by a statute of limitations. *See, e.g., FDIC v. Fuller,* 994 F.2d 223, 224 (5th Cir. 1993) (Texas law); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 586 (9th Cir.1993) (ADEA claims), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *United States v. RePass,* 688 F.2d 154, 158 (2d Cir.1982) (False Claims Act); *Nilsen v. Moss Point,* 674 F.2d 379, 388 (5th Cir.1982) ("although the equitable part of a mixed [§ 1983] claim can be barred by laches, the legal part will be barred only by the statute of limitations"), *vacated on other grounds,* 701 F.2d 556 (5th Cir.1983); *Thropp v. Bache Halsey Stuart Shields, Inc.,* 650 F.2d 817, 822 (6th Cir.1981) (Ohio law); *Sun Oil Co. v. Fleming,* 469 F.2d 211, 213–14 (10th Cir.1972) (Oklahoma law); *Morgan v. Koch,* 419 F.2d 993, 996 (7th Cir.1969) (Rule 10b–5 claim); *Straley v. Universal Uranium & Milling Corp.,* 289 F.2d 370, 373 (9th Cir.1961) (Securities Act of 1933 claim).

██ Despite this substantial precedent to the contrary, Boyle's argues that laches should be available to bar a plaintiff who has unreasonably delayed but is still within the federal statute of limitations period. Boyle's relies heavily on a concurring opinion by Chief Judge Posner of the Seventh Circuit in which he stated that "there is plenty of authority for applying laches in cases governed by a statute of limitations." *Martin v. Consultants & Admin'rs, Ltd.,* 966 F.2d 1078, 1100 (7th Cir.1992). But we think Boyle's reads Judge Posner's comment too broadly. *Martin* involved a claim of laches against the government as plaintiff, an issue complicated by considerations of sovereignty. More importantly, the cases Judge Posner cited for his comment in *Martin* do not support the broad application Boyle's urges in this case. Judge Posner first cited his panel opinion in

*Maksym v. Loesch,* 937 F.2d 1237, 1248 (7th Cir.1991), a diversity case in which he surveyed a confusing array of state court decisions and rejected the defense of laches because:

> the cases from jurisdictions which say that laches is a defense in suits at law as well as suits in equity turn out to be—every one we can find, at any rate—quasi-equitable suits ... and not pure damages suits, like this suit.

That distinction is at the heart of the other cases Judge Posner cited in *Martin,* and the additional cases cited by Boyle's to support its much broader assertion. Judge Posner in *Martin* cited two federal court decisions involving claims for equitable relief that have traditionally been subject to a laches defense. *See K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907 (1st Cir.1989) (diversity contract claim for injunctive relief); *Azalea Fleet, Inc. v. Dreyfus Supply & Mach. Corp.,* 782 F.2d 1455 (8th Cir.1986) (admiralty action). Boyle's cites a Fifth Circuit admiralty case, *Barrois v. Nelda Faye, Inc.,* 597 F.2d 881 (5th Cir.1979), and three military claim cases, an area in which the Federal Circuit has observed that special rules apply, *see Cornetta v. United States,* 851 F.2d 1372, 1376 (Fed.Cir.1988) (en banc). These cases simply do not stand for the proposition that laches may trump a federal statute of limitations governing a claim that seeks both legal and equitable remedies.[3]

Having surveyed these diverse cases, we conclude there is good reason to follow the traditional rule, at least when dealing, as in this case, with a federal cause of action for which Congress has prescribed an express statute of limitations. Such statutes reflect a legislative "value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–64, 95 S.Ct.

---

3. Distinguishing between legal and equitable claims and remedies for purposes of applying laches has proven difficult. *See Cannon v. University of Health Sciences,* 710 F.2d 351, 357–59 (7th Cir.1983); *Nemkov v. O'Hare Chicago Corp.,* 592 F.2d 351, 353–55 (2d Cir.1979). But even when applying laches to an equitable claim, courts apply a presumption that the action is not barred if brought within the statute of limitations period for "analogous" actions at law. *See Tandy Corp. v. Malone & Hyde, Inc.,* 769 F.2d 362 (6th Cir.1985), *cert. denied,* 476 U.S. 1158, 106 S.Ct. 2277, 90 L.Ed.2d 719 (1986).

1716, 1722, 44 L.Ed.2d 295 (1975). Thus, separation of power principles dictate that federal courts not apply laches to bar a federal statutory claim that is timely filed under an express federal statute of limitations. As the Supreme Court stated this axiom in *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946), "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *See also United States v. Kubrick*, 444 U.S. 111, 117 (1979).[4]

■ Congress built specific remedial time limits into Title VII and the Equal Pay Act, and we must respect the remedial compromise embodied in these statutes. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980). To give the statutes proper effect, we conclude that only the statutes of limitations are relevant in determining whether Ashley's *claims* are time-barred. But laches, like other equitable principles, may be relevant in determining the extent to which she is entitled to equitable remedies. This general rule is consistent both with the Supreme Court's decision in *Cope v. Anderson*, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341–42, 91 L.Ed. 1602 (1947) ("equity will withhold its relief ... where the applicable statute of limitations would bar the concurrent legal remedy"), and with the Court's important caveat in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975): "But a party may not be 'entitled' to relief if its conduct of the cause has improperly and substantially prejudiced the other party."

■ This general rule somewhat alters the role of laches when there is a governing federal statute of limitations—instead of being a complete defense to an equitable cause of action, laches becomes one of many principles relevant in fashioning whatever equitable relief may be sought. But we believe this shift is true to the traditional purpose of the doctrine. As the Supreme Court said long before federal law and equity merged, "laches is not like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced." *Galliher v. Cadwell*, 145 U.S. 368, 373, 12 S.Ct. 873, 875, 36 L.Ed. 738 (1892). Congress is aware that courts have greater remedial discretion when it authorizes equitable relief. Absent a legislative indication to the contrary, there is good reason to assume that laches is among the principles that may bar or limit equitable relief.

There may be unusual situations to which this general rule will not neatly apply. For example, if plaintiff asserts that a federal statute of limitations should be extended by applying an equitable principle such as fraudulent concealment or tolling, plaintiff's unreasonable delay—whether or not it is called laches—becomes relevant. Chief Judge Posner made this point most compellingly in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir.1990), *cert. denied*, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991), and similar concerns may have prompted his discussion of laches in *Martin*.[5] However, Ashley has not attempted to equitably toll or extend a statute of limitations. Her remaining claims are timely under specific, relatively short federal statutes of limitations. Under the general rule we adopt, those claims are not barred by laches, though laches principles may impact questions of remedy.

4. On the other hand, when Congress by its silence borrows the most analogous state statute of limitations for a federal claim, there is something of a federal legislative void. Thus, separation of powers principles are less affected by a judicial decision to superimpose the doctrine of laches on the borrowed state statute of limitations. This issue was not presented in *Johnson v. State Mut. Life Assur. Co.*, 942 F.2d 1260 (8th Cir.1991) (en banc), and we do not consider it further here.

5. Historically, laches was developed by courts of equity for claims lacking a limitations period, whereas tolling was an integral part of the first comprehensive statute of limitations in seventeenth century England. *See* 21 Jac. I, ch. 16, cl. II (1623) (tolling for infancy, insanity, imprisonment, coverture, and absence from the realm). But we see no reason why the two doctrines cannot be applied in tandem under modern practice. As Judge Posner observed, "[l]aches is a species of estoppel and can therefore be applied whenever the requirements for estoppel are satisfied." *Martin*, 966 F.2d at 1100.

## IV. Conclusion.

For the foregoing reasons, we conclude that Ashley's claims for equal pay, wrongful layoff, and wrongful failure to recall or rehire are not barred by laches or by the applicable statutes of limitations. Ashley may recover damages for any Equal Pay Act violations affecting paychecks issued within the applicable limitations period. Her claims for equitable relief are not barred but may be affected by laches principles if she seeks remedies that reach beyond the statute of limitations period or are otherwise affected by her delay in filing the administrative charge.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.