LOKEN, Circuit Judge,
concurring.
I concur but note two caveats regarding the court’s analysis. First, we follow Nebraska’s choice of law rules only if state law governs the underlying claim, or if governing federal law instructs us to apply the forum state’s choice of law rules. Here, federal law (FIRREA) governs the underlying claim. The relevant statute tells us to look to the federal statute of limitations, or alternatively to any longer period “applicable under State law.” 12 U.S.C. § 1821(d)(14)(A)(i)(II). This is not an unambiguous mandate to apply the forum’s state’s choice of law rules in deciding what alternative state statute of limitations is “applicable.” In my view, it seems more consistent with FIRREA’s purposes to apply uniform federal choice of law rules in making that determination, particularly because the choice of law rules applied by some state courts in selecting an appropriate statute of limitations seem dominated by doctrinal fictions and result-oriented parochialism. However, if I am right that the choice of law standard should be federal, I nonetheless agree with the standard the court has applied and with its application to the facts of this case. Thus, my concern with the court’s choice of law analysis does not affect the outcome in this case.
Second, I would summarily reject Nord-brock’s laches claim because “separation of power principles dictate that federal courts not apply laches to bar a federal statutory claim that is timely filed under an express federal statute of limitations.” Ashley v. Boyle’s Famous Corned Beef Co., 66 F.3d 164, 170 (8th Cir.1995) (en banc).