# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

---

No. 97-4139

---

Jerome T. Redman; Bruce M. Rannow;    *
Eric M. Newman; Wayne C. Mapes;    *
Glenn R. Minkel, on behalf of them-    *
selves and other employees similarly    *
situated; Michael Acton; Robert Algar;    *
  *
      Plaintiffs;    *
  *
John Apling;    *
  *
      Plaintiff-Appellant;    *
  *   Appeal from the United States
Douglas Ardoff; Terrell Backensto;    *   District Court for the
William W. Baggett; Rick Baker;    *   District of Minnesota.
Gary L. Barney; Ron Bawdon; Roger    *
H. Beau; Harlan Bedford; Jon Bell;    *
Michael Biernacki; Allen V. Boben;    *
David Brown;    *
  *
      Plaintiffs;    *
  *
J. Allen Brown;    *
  *
      Plaintiff-Appellant;    *
  *
David J. Budin; Judith A. Cabral;    *
Joseph P. Casey; John S. Clare;    *
Thompson Cofer; Frank P. Comito;    *
James Cornelinson; Lyle G. Dallman;    *
Robert Dandurand; Larry Davis;    *

Louis E. Deschenes; William M. Deyeager; Michael Doner; James E. Doughan; John Downing; Gedeminas Drazdys; Kenneth Driver; Jay R. Duncan; William Eakins; Robert Edwards; Kent W. Emery; John Fuxa; Adrian G. Garcia; Anthony M. Greco; Daniel L. Greer;

                    Plaintiffs;

Steve Grigsby; Paul J. Gryczanowski;

               Plaintiffs-Appellants;

Larry Hackett; Daniel M. Hagman; James M. Hamilton; Dale Hanna; Ronald Hartford;

                    Plaintiffs;

Alan Heel;

                Plaintiff-Appellant;

Albert Herman; Ronald Herman; C. J. Hills; Charles D. Hise; Terry Holdaway; George Hookstra; Richard U. Jacobs; Lane W. Jarvis; Vagn Jensen; Dennis Jones;

                    Plaintiffs;

Ronald B. Jones;

                Plaintiff-Appellant;

2

Gerold Kargel; Kenneth Keiper; James E. Keith; Bruce J. Kelly; Edward M. Knebel; Michael D. Koch; William Kolts;

    Plaintiffs;

David Krenz;

    Plaintiff-Appellant;

Bernadette Kubalsky; Michael N. Lamitina; Jory P. Lane; Paul Langston; Ida Mae Lauer; Bobby Lawrence; William Lee; Gary Leners; Steven Leuthold; Edward A. Lewis, II; Gerald K. Lucas; Robert C. Lutchendorf; Woody Maloney; John Manship; Larry Manzanares; Anthony Martinez; Roy A. McConnell; J. Scott McKindley; Richard O. Mesecher; Arnold Miller; Robert F. Montag; Wesley D. Moody; Pete Morris; Kent Nicholas; Michael O'Leary; Jess Page;

    Plaintiffs;

Floyd Paulson;

    Plaintiff-Appellant;

Mary Kay Pence; Jon F. Peterka; Charles T. Peterson; Alan R. Pierce; Linda Prespentt;

    Plaintiffs;

3

W. A. Prostrollo;                                                *
                                                                *
      Plaintiff-Appellant;                          *
                                                                *
Roy Reed; F. Joe Ressler; Michael                               *
Robertson; Kenneth Roeh; Curtis Root;                           *
Robert Rosinski; Gary Sagers; James A.                          *
Schloer; Donald Scoby; Jerry R. Scott;                          *
Robert Seedroff; Frederick Seward;                              *
David Shepard; Rick Simpson; Edward                             *
Sparks; Fred Spaulding; Robert Stevens;                         *
Jesse Stewart; Russell Stewart;                                 *
Merle J. Suckie; Anthony Swanson;                               *
David Tadlock; Thomas Thompson;                                 *
Robert Totten; Leroy Valdez; Danny                              *
Van Vickle; Rene E. Vogel; Eugene                               *
Walcker; Mark Wenberg; Ed                                       *
Westmoreland; J. Gregory Wheeler;                               *
David F. Williams; Jerry Williams;                              *
Jim Williams; Leslie Williams; Gregory                          *
B. Wilson; Nickey Jean Wilson; John                             *
Woodward; F. Dale Youmans; Gordon                               *
Zimmerman;                                                      *
                                                                *
      Plaintiffs;                                    *
                                                                *
     v.                                             *
                                                                *
U.S. WEST Business Resources, Inc.;                             *
                                                                *
     Defendant-Appellee.                            *

———————

Submitted:  June 8, 1998

Filed:  August 18, 1998

———————

4

Before LOKEN, GODBOLD,[1] and HEANEY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Several employees of U.S. WEST Business Resources, Inc. (BRI) brought suit alleging that BRI violated the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. §§ 201-219, by failing to compensate its employees for time spent obtaining mandatory job certification. Approximately nine of the original plaintiffs brought suit more than three years after they completed the required certification. The district court determined that these plaintiffs could not recover under the FLSA because their claims fell outside the applicable statute of limitations. We affirm.

I.

In 1992, BRI and its employees' union, the Communications Workers of America (the Union), negotiated a provision in the collective bargaining agreement (CBA) that required building specialists to either become certified in one of three work-related areas or risk losing their jobs. The CBA provided that BRI would pay for books and tuition but was silent as to whether the building specialists were entitled to compensation while pursuing certification. BRI later informed the building specialists that they were to complete the certification on their own time and without pay. Not surprisingly, many building specialists expressed anger and frustration that they would not be paid for completing the roughly 400 hours of certification requirements.

At the time BRI announced that it would not compensate its building specialists for time spent seeking certification, BRI's representatives explained the company's

_____

[1]The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

view that the certification requirements were akin to another program it sponsored called the "Career Bridges Program." This program allowed BRI employees to continue their education with company support. BRI paid for books, tuition, and other fees associated with the program. Through the Career Bridges Program, employees attended classes on their own time and received no compensation for participating in the program.

On July 15, 1996, five employees filed suit against BRI alleging violations of the FLSA. Within one year of the initial filing, approximately 135 other BRI employees joined in the lawsuit. Although BRI agreed that it had violated the FLSA, it moved for summary judgment against the nine employees who joined in the lawsuit more than three years after they had completed the mandatory certification. Those employees argued that because BRI's actions constituted a continuing violation of the FLSA, their action should not be time barred. They also argued that the doctrine of equitable estoppel precludes BRI from asserting the statute of limitations as a defense. The district court granted summary judgment for BRI and the nine building specialists who joined in the suit more than three years after completing the certification appeal.[2]

## II.

We review a district court's grant of summary judgment de novo. See United States ex. rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). In considering whether to grant summary judgment, a court examines all the "pleadings, depositions, answers to interrogatories . . . admissions on file . . . [and] affidavits." Fed. R. Civ. P. 56(c). After viewing the record in a light most favorable to the non-moving party, summary judgment is appropriate only where there is "no genuine issue

---

[2]The original parties raised several other issues before the district court. For purposes of appeal, we must only determine whether the statute of limitations bars the nine building specialists from recovering under the FLSA.

6

of material fact and . . . the moving party is entitled to judgment as a matter of law." Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir. 1993) (citations omitted).

Appellants argue that under the FLSA, they should recover for time spent acquiring mandatory job certification. The FLSA provides, in part, that employers must pay employees for hours worked; and when an employee works more than forty hours in a week, the employer must pay the employee at least one and one-half times the regular rate of pay. See 29 U.S.C. § 207(a)(1). BRI argues that the appellants are precluded from recovering under the FLSA because the statute of limitations has lapsed. Under the applicable statute of limitations, all claims brought for violations of the FLSA must be "commenced within two years after the cause of action accrued," unless the violation was "willful." Id. § 255(a). In the event the violation was willful, a claim must be brought within three years. Id. An action is commenced under the FLSA when a party files suit. Id. § 256(a). In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action. Id. § 256(b).

Neither party disputes that the nine appellants brought suit more than three years after they completed the required job certification. Nonetheless, these appellants claim that because BRI continued to violate the FLSA with respect to the other BRI building specialists, the applicable statute of limitations period is tolled until the violation is entirely corrected. We disagree. In Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164 (8th Cir. 1995) (en banc), our court reviewed a claim of gender wage discrimination based in part on the FLSA's Equal Pay Act provision. See id. at 168. In Ashley, we recognized that ongoing discriminatory acts toll the statute of limitations under the FLSA. Id.[3] In determining whether a violation is continuing, "the critical

---

[3]In explaining the rationale for tolling the statute, our court stated that "[r]elief back to the beginning of the limitations period strikes a reasonable balance between permitting redress of an ongoing wrong and imposing liability for conduct long past."

question is whether a present <u>violation</u> exists." <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553, 558 (1977) (emphasis in original). At the time appellants filed suit, there was no "present violation." The violation at issue was BRI's refusal to compensate appellants for time spent pursuing their job certification. Even if we assume that the violation was willful,[4] because appellants completed the certification more than three years prior to filing suit, their claims were untimely.

Even assuming that they are time barred from pursuing their FLSA claim, appellants argue that the doctrine of equitable estoppel should prevent BRI from asserting the statute of limitations as a defense. Under the doctrine of equitable estoppel, "the party requesting the estoppel must show that the defendants have engaged in 'affirmative conduct . . . that was designed to mislead or was unmistakably likely to mislead' a plaintiff." <u>Bell v. Fowler</u>, 99 F.3d 262, 268-69 (8th Cir. 1996) (quoting <u>Garfield v. J.C. Nichols Real Estate</u>, 57 F.3d 662, 666 (8th Cir. 1995)) (citing <u>Dring v. McDonnell Douglas Corp.</u>, 58 F.3d 1323, 1329 (8th Cir. 1995)).

Appellants claim that BRI led them to believe that receiving certification without compensation was a bargained-for part of the CBA. Although the CBA is silent on the issue, appellants claim that BRI deliberately "lulled" them into inaction. Having carefully reviewed the record, we disagree. Even if BRI explicitly stated that the CBA precluded appellants from receiving compensation while pursuing certification, appellants have presented no evidence showing that BRI intended to mislead them.

---

<u>Ashley</u>, 66 F.3d at 168 (citation omitted).

[4]The district court determined that the question concerning whether BRI willfully violated the FLSA was a fact question best left to a jury. For purposes of this appeal, we need not address whether BRI's admitted FLSA violation was willful.

Additionally, appellants had every opportunity to ask their Union representatives and/or legal counsel to address their concerns long before the statute of limitations had run.[5]

It would certainly be no surprise if appellants felt that, in terms of this case, no good deed goes unpunished. They were the first to meet the certification requirements and were simply doing as they were instructed. Nonetheless, the relief that they request "is an exception to the rule, and should . . . be used only in exceptional circumstances." Dring, 58 F.3d at 1330.[6] Because the requisite exceptional circumstances are not present, we hold that the doctrine of equitable estoppel is inapplicable.[7]

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment.

---

[5]Although not applicable to this case, we note that there are circumstances where a plaintiff may properly establish equitable tolling even though the plaintiff has not alleged that the defendant was the cause of the time bar. See, e.g., Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 452 (8th Cir. 1998) (plaintiff's failure to file on time "arose from the EEOC's misconduct which is a circumstance beyond [plaintiff's] control and constitutes excusable neglect for [plaintiff's] failure to file a timely charge").

[6]In this respect, Chief Judge Posner stated, "[s]tatutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-53 (7th Cir. 1990).

[7]In light of the above opinion, appellee's motion to strike a portion of appellant's brief and appellant's response in opposition is denied as moot.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.