**Frankie Leigh LEYEN, Plaintiff,**

v.

**WELLMARK, INC. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, Defendant.**

No. 4–98–CV–90648.

United States District Court, S.D. Iowa, Central Division.

April 18, 2000.

Brian L. Wirt, Des Moines, IA, for Plaintiff.

David M. Swinton, Elizabeth G. Kennedy, Des Moines, IA, for Defendant.

## ORDER

PRATT, District Judge.

Before the Court is Defendant's Partial Motion for Summary Judgment filed September 16, 1999. Plaintiff filed her Resistance on December 22, 1999. Defendant filed its Reply on December 29, 1999. Because disposition of this Motion turns on conclusions of law, oral argument, which Defendant requested, will not be necessary. The matter is fully submitted.

### I. Facts

The current Motion grows out an action for gender discrimination filed in this Court on December 1, 1998, by Plaintiff Frankie Leigh Leyen ("Leyen") against her current employer, Defendant Wellmark, Inc., d/b/a Blue Cross and Blue Shield of Iowa ("Wellmark"). Leyen, who is female, alleges that Wellmark discriminated against her on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Iowa Civil Rights Act of 1965, as amended, Iowa Code § 216. Leyen also alleges that Wellmark paid similarly qualified male employees at a higher rate of pay than the Plaintiff for performing similar and/or equal work in violation of the federal Equal Pay Act, 29 U.S.C. §§ 201–209 and the Iowa counterpart at § 216 of the Iowa Code. Plaintiff also brings pendent claims for breach of express and/or implied agreements.

Leyen alleges that Wellmark's wrongful employment practices began as early as 1983, when she was first hired by Wellmark. Her claims for back pay relief under federal and Iowa law stem from 1990 or 1991, when she became an account executive with Farm Bureau, which is one of Wellmark's insurance brokers. At about the time Leyen became an account executive, Wellmark hired another account executive (Tim Boardman) and allegedly paid him more for performing substantially the same job as Leyen. On May 12, 1998, Leyen filed an administrative charge with the Iowa Civil Rights Commission ("ICRC") which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") claiming gender discrimination. Leyen obtained administrative releases from both the ICRC and EEOC. On December 1, 1998, she filed this lawsuit.

The substance of the Partial Motion does not take aim at the merits of the lawsuit. Nor does it seek dismissal based on a statute of limitations defense—namely, that Leyen's claims are barred for her failure to file a timely charge with the appropriate administrative agency. Chapter 216 requires the filing of an administrative charge with the ICRC within 180 days of the alleged discriminatory act,

Iowa Code § 216.15(12). Title VII requires that Leyen file an administrative charge with the EEOC within 300 days of the alleged discriminatory act if she has initially filed with a state agency, 42 U.S.C. § 2000e–5(e)(1). Wellmark concedes in fact that the Complaint is timely under the "continuing violations" doctrine. *Ashley v. Boyle's Famous Corned Beef Co.,* 66 F.3d 164, 168 (8th Cir.1995) (en banc) (claims that are otherwise time-barred under the statute of limitations are nonetheless timely if "ongoing discriminatory acts" are alleged). Wellmark's Motion is not directed toward these substantive matters. Rather, it focuses on determining the proper recovery for back pay under federal and state law should Leyen prevail on the merits.

## II. Summary Judgment Standard

"The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Handeen v. Lemaire,* 112 F.3d 1339, 1345 (8th Cir. 1997) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Thus, summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir.1994). The court does not weigh the evidence nor make credibility determinations, rather the court only determines whether there are any disputed issues and, if so, whether those issues are both genuine and material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253–54, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). An issue is "genuine," if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. "As to materiality, the substantive law will identify which facts are material." *Id.*

## III. Analysis

### A. Back pay under the Equal Pay Act

■ Although they briefed the issue, the parties do not actually dispute the proper calculus when determining recovery under the federal Equal Pay Act. Wellmark concedes this is a "continuing violation" case. Thus, Leyen "may recover for unequal paychecks received within two years of commencing the action, or within three years if the violations were willful. *See* 29 U.S.C. §§ 206(d)(1), 255(a) . . . ." *Ashley,* 66 F.3d at 168 (case citation omitted). Therefore, if Leyen prevails on her Equal Pay claim, she is entitled to relief back to December 1, 1996 (which is two years prior to the filing of this Complaint). If the jury finds Wellmark acted willfully, Leyen is entitled to relief back to December 1, 1995 (which is three years prior to this filing). This Equal Pay analysis is not contested by either party. *See* Def.'s Br. in Supp. at 4 & n. 1; Pl.'s Br. in Resistance at 3. The Court will treat this as an uncontested Partial Motion for Summary Judgment and grant the Motion.

What is contested is the proper measure of recovery under Title VII and Iowa Code § 216.

### B. Back pay under Title VII

■ Relying on the Eight Circuit's *en banc* decision in *Ashley,* Wellmark claims that Leyen is only entitled to back pay relief dating back to the beginning of the applicable statute of limitations period: 300 days (10 months) prior to the filing of an EEOC claim. Leyen, on the other hand, relying on the Tenth Circuit's decision in *Estate of Pitre v. Western Electric Co. Inc.,* 975 F.2d 700 (10th Cir.1992), *cert. denied,* 510 U.S. 972, 114 S.Ct. 459, 126 L.Ed.2d 391 (1993), argues that she is entitled to recover back pay up to two years prior to the filing of her federal administrative claims. After careful exam-

ination of the relevant case law, the Court holds that with respect to the Title VII claim, Leyen may only recover back pay damages coinciding with events that occurred within the applicable limitations period—300 days prior to the filing of her EEOC claim.

As the Defendant states in its brief, an *en banc* court of the Eighth Circuit clarified the rule with respect to a plaintiff's ability, in a "continuing violation" context, to recover back pay under Title VII. Relief in this context, said the Eighth Circuit, is measured "back to the beginning of the limitations period." *Ashley*, 66 F.3d at 168. In *Ashley*, the plaintiff filed a charge with the EEOC in 1992 based on acts by her employer that occurred at or around the time she was hired in 1985. The district court dismissed all plaintiff's claims—brought under Title VII and the Missouri Human Rights Act—as barred by laches or the applicable statutes of limitations. *Id.* at 167. With respect to plaintiff's claim for back pay under Title VII, the Eighth Circuit reversed, holding the back pay claim to be timely filed under the "continuing violation doctrine." *Id.* at 168. As to damages, the Court awarded her "[r]elief back to the beginning of the limitations period." In its view, this was a remedy that "strikes a reasonable balance between permitting redress of an ongoing wrong and imposing liability for conduct long past." *Id.* (citing *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 502 & n. 15, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968)). The *Ashley* rule limiting recovery to the period within the relevant statute of limitations has been affirmed by subsequent Eighth Circuit panels. *See Kline v. City of Kansas City*, 175 F.3d 660, 665–67 (8th Cir.1999) (at least five references to *Ashley*'s general rule that plaintiff in a continuing violation case can only recover for incidents that occurred within the limitations period); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572 (8th Cir.1997) (plaintiff filed state and federal administrative charges in June 1993; under *Ashley*, plaintiff can recover for acts reaching back to August 1992 (10 months prior to filing) under Title VII and to December 1992 (6 months prior to filing) under the Missouri Human Rights Act); *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 230 (8th Cir.1996) (noting that *Ashley* forecloses any argument that plaintiff in a continuing violation case can recover damages for a period outside the relevant statute of limitations).

To avoid the holding in *Ashley*, Plaintiff argues that permitting her to recover a full two years of back pay from the date she filed the administrative claim would be consistent both with Title VII's back pay provision, 42 U.S.C. § 2000e–5(g), and the twin aims of Congress in passing Title VII—namely, to deter discriminatory conduct and to make Title VII plaintiffs whole. *See Pitre*, 975 F.2d at 705–06 (discussing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415–22, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)). There is some appeal to this argument, especially since § 2000e–5(g) vests discretionary power in the district court to award Title VII plaintiffs back pay at most two years prior to the date of administrative filing. However, notwithstanding authorization by Congress to grant up to two years in back pay, this Court is constrained by judicial holdings from the Eighth Circuit which expressly limit back pay recovery in continuing violation cases to the statute of limitations period. *Ashley*, 66 F.3d at 168; *Kline*, 175 F.3d at 665–67; *Kimzey*, 107 F.3d at 572; *Gipson*, 83 F.3d at 230; *see also Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 226, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982) (observing that in granting back pay under Title VII, a court "must be guided by meaningful standards enforced by thorough appellate review") (internal quotes and citations omitted). Confining back pay damages to the limitations period reflects, in the Title VII context, a "reasonable balance" between allowing redress of an "ongoing wrong" and imposing liability in the first instance for "conduct long past." *Ashley*, 66 F.3d at 168.

Consistent with the above analysis, there is no genuine issue of material fact that if Leyen prevails on her Title VII claims she is entitled to back pay measured 300 days from the date federal administrative charges were filed, i.e., relief back to July 16, 1997. The Court grants this aspect of Wellmark's Partial Motion for Summary Judgment.

### C. Back pay under § 216

■ Leyen's back pay recovery rights under § 216 of the Iowa Code are less certain. Wellmark assumes that the rule announced in *Ashley* limiting back pay under Title VII to the beginning of the limitations period extends to claims under § 216. On policy grounds, Leyen urges the adoption of the flat 2–year rule, measured two years from the date she filed state administrative charges.

Both sides miss the mark. While Iowa law has adopted the federal "continuing violation" doctrine in job discrimination cases, it is not true that Iowa courts determine back pay using federal standards, let alone those announced by the Eighth Circuit. First, there is no analogous state provision capping back pay damages at two years. The relevant state law section, Iowa Code § 216.15(8), provides in relevant part that the ICRC—or the district court if the plaintiff, as in this case, obtains an administrative release, *see* § 216.16(5)—can "take the necessary remedial action as in the judgment of the commission will carry out the purposes of this chapter." In addition to a range of damages, the ICRC or district court may order the "[h]iring, reinstatement or upgrading of employees with or without pay," § 216.15(8)(a)(1).

Second, the Iowa Supreme Court has interpreted this remedies provision broadly, recognizing that the ICRC has "consid-

erable discretion in fashioning an appropriate remedy that will accomplish the purposes of chapter 601A [now chapter 216]." *Hy–Vee Food Stores, Inc. v. Iowa Civil Rights Comm'n*, 453 N.W.2d 512, 531 (Iowa 1990). In *Hy–Vee Food*, the plaintiff, a woman of Vietnamese descent, sued her employer alleging sex and race discrimination in violation of the Iowa Civil Rights Code § 601A (currently § 216). Plaintiff began working for Hy–Vee in 1975, *id.* at 519, and did not file charges against the store until sometime in 1983, *id.* at 524. The ICRC, acting pursuant to powers granted to it under § 601A.15(8), adopted a "continuing violation" theory of the case and awarded plaintiff, among other things, "backpay with full time status to 1977" and "backpay at an increased rate to 1983." *Id.* at 515, 532. The Iowa Supreme Court ultimately affirmed the ICRC's decision with respect to back pay, noting that such a result was consistent with the "ultimate goal of compensating an injured person" and "our obligation to construe chapter 601A liberally to effectuate its purpose." *Id.* at 531–32.

In light of *Hy–Vee Food*, the Court will not assume that *Ashley*'s Title VII rule on recovery of back pay is the same under Iowa law.[1] *Hy–Vee Food* makes clear that the analysis is different: the district court or Commission has "considerable discretion," consistent with its grant of authority under § 216.15(8), to fashion "an appropriate remedy" that will effectuate the purposes of chapter 216. *Hy–Vee*, 453 N.W.2d at 531.

Therefore, the Court denies Defendant's Partial Motion for Summary Judgment with respect to back pay relief under Iowa Code § 216. Reading the record in the light most favorable to Leyen as the nonmoving party, the Court finds that Leyen,

---

1. In fact, the Eight Circuit has disavowed equating its federal holding under Title VII with state law. *See Gipson v. KAS Snacktime Co.*, 171 F.3d 574, 576 n. 3 (observing that the federal rule announced in *Ashley* could vary under Missouri law depending on subsequent decisions by the Missouri Supreme Court);

*Ashley*, 66 F.3d at 167 n. 2 ("The parties have assumed without citation to authority that Missouri courts construe the [Missouri Human Rights Act] as incorporating Title VII statute of limitations and laches principles. We adopt that assumption but do not foreclose the issue on remand.").

if she prevails on the merits of her Iowa discrimination claim, can recover back pay under § 216 from the date she began to receive unequal pay which, according to the pleadings, began in 1990 or 1991 when Tim Boardman was hired as account executive.

## IV. Conclusion

Based on the foregoing, the Court

(1) **grants** Defendant's uncontested Partial Motion for Summary Judgement with respect to back pay relief under the Equal Pay Act, 29 U.S.C. §§ 201–209;

(2) **grants** Defendant's Partial Motion for Summary Judgment with respect to back pay relief under Title VII, 42 U.S.C. 2000e *et seq.;*

(3) **denies** Defendant's Partial Motion for Summary Judgment with respect to back pay relief under Iowa Code § 216.

IT IS SO ORDERED.