**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

v.

**OILGEAR COMPANY, Defendant.**

**No. 8:01 CV 462.**

United States District Court, D. Nebraska.

March 12, 2003.

Nelson G. Alston, Evangelina F. Hernandez, Rita Byrnes Kittle, Joseph H. Mitchell, Gwendolyn Reams, Nancy A. Weeks, Denver, CO, U.S. Equal Employment Opporunity Commission, Denver, CO, for Equal Employment Opportunity Commission.

Patrick J. Barrett, McGrath North Law Firm, Omaha, NE, for Oilgear Company.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendant's motion for summary judgment, Filing No. 28, and plaintiff's motion in limine, Filing No. 38. I have carefully reviewed the record, briefs in support and in opposition, and supporting evidence, and although I find this to be a very close question, I conclude that the motion for summary judgment should be denied in part and granted in part. I further determine that the motion in limine should likewise be denied at this time.

Plaintiff is the Equal Employment Opportunity Commission (EEOC) and has sued defendant Oilgear Company alleging that it discriminated against one of its employees, Dean Gerdts, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. The ADEA prohibits discrimination against a person on the basis of his age with respect to compensation, terms of employment, employment privileges, or conditions of employment. Plaintiff argues that Dean Gerdts (Gerdts) was discriminated on the basis of age in two respects: (1) for failure to promote, and (2) for wage discrimination, both on the basis of his age.

### Standard for Summary Judgment

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(C); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159–60, 90 S.Ct. 1598; *Cambee's Furniture, Inc. v. Doughboy Re-*

*creational Inc.,* 825 F.2d 167, 173 (8th Cir.1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(e); *Chism v. W.R. Grace & Co.,* 158 F.3d 988, 990 (8th Cir.1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Smith v. St. Louis Univ.,* 109 F.3d 1261, 1264 (8th Cir.1997). However, summary judgment is appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267–68.

**Facts**

Defendant operates a manufacturing facility in Fremont, Nebraska, and manufactures and distributes components for industrial machinery and for industrial processing. Dean Gerdts was hired on August 29, 1988, by the plant manager, Jim Fleming. At the time of his hire, Mr. Gerdts was 55 years of age, and he was initially hired as a Bullard Operator.

In 1993 he was hired as a Salvage Operator and thereafter assigned as a temporary employee to the Tool Room. At that time, David McCarty and Buddy Wagner were permanent Tool Room employees. In 1993, McCarty was 36 and Wagner was 56 years of age.

**Discussion**

Defendant makes a number of arguments in support of his motion for summary judgment. With regard to the failure to promote claim, defendant first argues that a permanent position for a job in the Tool Room never existed during Gerdts' employment. Consequently, argues defendant, EEOC cannot establish a prima facie case. *Carter v. Pena,* 14 F.Supp.2d 1, 6 (D.D.C.1997). Further, Gerdts agrees in his deposition that both McCarty and Wagner, the two permanent employees, had seniority over and were better qualified than him. With regard to the issue of wage discrimination, defendant argues that there is a lack of evidence that Gerdts was underpaid because of his age. Defendant argues that Gerdts was not as skilled as Wagner or McCarty. Further, Gerdts admitted in his deposition testimony that he knew of no evidence that age was a factor in any of the decisions made by management regarding him. Depo. Gerdts at 14:2–24. Defendant argues that there is no evidence of discrimination on the basis of age as required under Eighth Circuit law. *See Ziegler v. Beverly Enterprises–Minnesota, Inc.,* 133 F.3d 671, 675 (8th Cir.1998) (to avoid summary judgment intentional discrimination must be shown, or in the absence of intentional discrimination, prima facie case of age discrimination must be established).

Defendant also argues that the EEOC charge was untimely filed with regard to the promotion claim. Gerdts contends

that he should have received a position as a Tool Machinist as early as 1993 or 1994. Defendant argues that the charge should have been filed within 300 days of the alleged discrimination. It was four years later that Gerdts filed his discrimination charge. *See Nat'l Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (discrete act occurs on the date it happens).

The EEOC alleges that defendant discriminated on the basis of age and offers the following evidence:

1. Gary Perry, an employee of defendant, referred to Gerdts as an "old fart";

2. Defendant failed for a number of years to convert Gerdts from a "temporary worker" to a permanent worker; and

3. Defendant failed to promote Gerdts to a pay grade 8 or 9 classification.

EEOC argues, in response to defendant's claim that the EEOC filing was untimely, that the promotion claim and the wage claims are timely as to each pay period during the 300 days before Gerdts filed his discrimination charge. *Ashley v. Boyle's Famous Corned Beef Co.,* 66 F.3d 164, 168 (8th Cir.1995); *see also Bazemore v. Friday,* 478 U.S. 385, 395–96, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986) (concurring opinion). EEOC contends that labor grade promotions are not the same as a traditional type of promotion, and consequently, a *McDonnell–Douglas* type analysis does not apply. *Cones v. Shalala,* 199 F.3d 512, 517 (D.C.Cir.2000). The EEOC argues that this is a continuing violation, and Gerdts should have been hired and appropriately paid all the way until the filing with the EEOC.

▪ With regard to the 300–day time limitation set for filing a claim of discrimination with the EEOC, I conclude that plaintiff's claim for wage discrimination is timely. *Ashley,* 66 F.3d at 168. However,

I further determine that the failure to promote Gerdts to the position of permanent Tool Room employee claim has not been timely filed with the EEOC. I agree that this is a discrete act and not one of a continuing violation. *National Railroad Passenger Corp.,* 122 S.Ct. at 2070; *High v. Univ. of Minn.,* 236 F.3d 909 (8th Cir. 2000) (continuing violation doctrine not applicable to discrete acts, such as failure to promote). Consequently, I find the promotion claim as it relates to a permanent position in the Tool Room to be untimely filed. In any event, it is undisputed that a permanent position never existed. No employees applied for or received a permanent position in the Tool Room other than the two employees that were hired back in 1993/1994. There is no direct evidence of age discrimination in promotion. Perry, the employee who allegedly stated that Gerdts was an "old fart," was not in a decision-making position. Consequently, in addition to finding that Gerdts failed to timely file with the EEOC on the promotion issue, I determine that the EEOC failed to meet its burden of proof by establishing each of the elements of its promotion claim. *Cardenas v. AT & T Corp.,* 245 F.3d 994, 998 (8th Cir.2001); *Weber v. American Express Co.,* 994 F.2d 513, 516 (8th Cir.1993).

▪ With regard to the remaining claim of pay discrimination, I have concluded that it was filed within the 300–day time limitation for filing with the EEOC. I further conclude that sufficient evidence exists to submit this claim to the jury. Plaintiff alleges that he was paid at a lesser rate than his co-workers for doing similarly situated work, and he performed this similar work for a number of years. He contends that this wage disparity was on the basis of age. I find that the evidence is sufficient to meet the legal re-

quirements needed to overcome a motion for summary judgment.

## Motion in Limine

EEOC moves this court to exclude evidence at trial that relates to written and oral warnings received by Gerdts prior to November 30, 1993. EEOC argues that admission of these warnings would be prejudicial and unfair to their case. Defendant argues that Gerdts' performance and abilities as a machinist are relevant to the issues in this lawsuit as they relate to plaintiff's allegations. At this time I am going to deny the motion in limine. The plaintiff intends to introduce evidence that Gerdts should have been paid at a higher level of pay, based on his abilities. Defendant wishes to use the warnings to defend against this assertion. However, I will allow the EEOC to reassert this issue at trial, and I will make a decision at that point depending on what testimony and evidence have been submitted in the case.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 28, is denied in part and granted in part as set forth in this memorandum and order; and

2. Plaintiff's motion in limine, Filing No. 38, is denied, subject to reassertion at trial.