**Bette Ruth S. FERGUSON,
Plaintiff-Appellant,**

v.

**VETERANS ADMINISTRATION,
Defendant-Appellee.**

No. 82–7389.

United States Court of Appeals,
Eleventh Circuit.

Jan. 27, 1984.

Alvin T. Prestwood, Montgomery, Ala., for plaintiff-appellant.

Frank S. James, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and SMITH *, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff Bette Ruth S. Ferguson, a white female, appeals the district court's grant of summary judgment for the defendant in this employment discrimination action. Plaintiff contends that her employer's failure to train and to hire her for the position of Librarian violated Title VII, 42 U.S.C.A. §§ 2000e–5(f)(3), 2000e–16(c). Deciding that there was no evidence of discrimination and that the defendant's failure to follow its affirmative action program does not violate Title VII, we affirm.

■ Title VII addresses *discrimination*. Plaintiff contends that her employer's failure to implement its own affirmative action plan, designed for the benefit of women and minorities, translates into a Title VII cause of action by which she is entitled to relief. We hold, however, that absent a showing of discrimination, there is no Title VII cause of action for the failure to implement or utilize an affirmative action pro-

gram. Without repeating here the analysis there made, we simply adopt as the law of this Circuit the reasoning and conclusion of the Fourth Circuit in *Page v. Bolger,* 645 F.2d 227 (4th Cir.) (en banc), *cert. denied,* 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206 (1981):

> [It is argued that] a proven violation of the Postal Service's statutorily mandated 'affirmative program,' designed to eradicate discrimination, would be made a violation of Title VII itself. Affirmative action undertakings by government employers would come in practical terms to define the standards for compliance with Title VII's antidiscrimination provisions. We do not think this could accord with Congressional intent.

645 F.2d at 233–34 (citations omitted).

■ To prevail under Title VII plaintiff would have to show discrimination by her employer. Discrimination under Title VII may be based upon disparate treatment of an individual employee compared to other employees, or disparate impact of employment practices upon protected groups of employees, or both. *Eastland v. Tennessee Valley Authority,* 704 F.2d 613, 618 (11th Cir.1983). Although the district court opinion addressed plaintiff's disparate treatment claims, plaintiff, on appeal, focuses primarily upon the question of disparate impact. The difficulty with plaintiff's case is that the record simply reveals no evidence to establish even a *prima facie* case under either theory.

Plaintiff alleges that before her employment with Tuscaloosa Veterans Administration Medical Center she worked as a librarian at the Federal Center for Disease Control in Atlanta, Georgia. According to plaintiff, the Medical Center knew of her interest in the job of Librarian at the time she was hired as a Medical Records Technician in November of 1974. She allegedly apprised her supervisors and the appropriate personnel officials of her continuing interest in the position of Librarian on several occasions. Plaintiff asserts that none

---

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

of those individuals ever counseled her regarding her continued qualification for the position. When the vacancy was announced in October of 1980, she was informed for the first time that she did not possess the requisite educational qualifications for the job. The position was ultimately filled by another female who did possess the requisite qualifications. Plaintiff posits her cause of action on the failure to advise and train her so that she would have had the necessary qualifications for the job. She failed to show, however, any discrimination by the employer.

The undisputed evidence shows that plaintiff did not meet the specified educational qualifications for the position of Librarian. To establish a *prima facie* case under a disparate treatment theory, plaintiff would have to show she was qualified for the position she sought. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (one element of a four-factor test by which a plaintiff may establish a *prima facie* case of discrimination under a disparate treatment theory).

Plaintiff has likewise failed to prove her case under a disparate impact theory. She introduced no evidence indicating that any of the requirements for the position were discriminatory, and she offered no evidence indicating that the selection process for the position of Librarian impacted adversely upon women, or that the affirmative action program was executed in a discriminatory manner. *See Eastland,* 709 F.2d at 619 (*prima facie* case under disparate impact theory requires proof that a facially neutral employment practice has a discriminatory impact upon a protected group). The fact that it was a female who did meet the requisite qualifications, and who was ultimately hired for the job, militates against an assertion of sex-based discrimination on the part of the defendant.

In sum, to the extent plaintiff's claim is based on the failure of her employer to follow an affirmative action plan in not training her for the job, she loses as a matter of law, absent a showing of a dis-

criminatory implementation of that plan. To the extent that her Title VII claim is based on discriminatory treatment or impact, she loses as a matter of fact because there is no evidence to support such a claim. We note that no claim is made upon which to premise a breach of contract action, such as an assertion that the affirmative action plan was part of plaintiff's employment contract. A case where the facts would support such a claim would, of course, not be controlled by this decision as to a Title VII claim.

The district court correctly analyzed this case in entering summary judgment for defendant.

AFFIRMED.